**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MALIBU MEDIA, LLC.,

    Plaintiff,

vs.                                                    CASE NO. 3:12-cv-575-J-34TEM

JOHN DOES 1-7, 11,
16, 17, & 21,

    Defendants.
_____

## REPORT AND RECOMMENDATION[1]

This matter is before the Court on referral by the Honorable Marcia Morales Howard for a report and recommendation on Defendant John Doe 1's Motion to Dismiss/Sever and for a Protective Order and/or to Quash Subpoena (Doc. #6), Defendant John Doe 21's Motion to Dismiss/Sever and for a Protective Order and/or to Quash Subpoena (Doc. #8), Defendant John Doe 16's Motion for a Protective Order, with Motion to Quash and Motion to Dismiss, with Incorporated Memorandum of Law (Doc. #9), and Defendant John Doe 17['s] Motion to Sever, Dismiss, or Issue Protective Order, and Supporting Memorandum of Law (Doc. #10). Responses to the instant motions have been filed (*see* Docs. #14, #16, #18 and #19) and the matter is ripe for the Court's consideration.

### I.    BACKGROUND

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); and, Local Rule 6.02(a), United States District Court for the Middle District of Florida.

On May 15, 2012, Malibu Media, LLC, a California corporation with its principle place of business in Malibu, California, filed the instant copyright infringement action alleging that each of the twenty-two John Doe Defendants (collectively, "the Doe Defendants") is liable for direct copyright infringement in violation of 17 U.S.C. §§ 106 and 501 and contributory copyright infringement (*see* Doc. #1, "Complaint"). Plaintiff alleges that the Doe Defendants unlawfully copied and distributed a copyrighted motion picture entitled "Like the First Time" over the Internet.[2]

Subsequently, Plaintiff filed a Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference (Doc. #4) in order to take early discovery. As grounds for taking early discovery, Plaintiff alleged that each of Defendants' acts of copyright infringement occurred using an Internet Protocol ("IP") address traced to a physical address located within the Middle District of Florida. Plaintiff requested that the Court allow it to serve Rule 45 subpoenas on certain Internet Service Providers ("ISPs") to obtain identifying information for the Doe Defendants, such as their addresses, so that Plaintiff may complete service of process on them.

On June 8, 2012, this Court granted Plaintiff's request to take early discovery and allowed Plaintiff to serve each of the ISPs identified in the Complaint with a Rule 45 subpoena commanding each ISP to provide Plaintiff with the true name, address, telephone number, e-mail address, and Media Access Control address of the defendant to whom the ISP assigned an IP address (*see* Doc. #5, Court Order). These subpoenas were served, which apparently led to the ISPs advising their "customers" - *i.e.*, the Doe Defendants - that

---

[2]As of this writing, John Doe Defendants 1-7, 11, 16, 17 & 21 remain in this action. The other Defendants have been voluntarily dismissed (*see* Docs. #13, #15, #23, #24).

subpoenas pertaining to their accounts had been received.

## II.    ANALYSIS [3]

Basically, Doe Defendants 1, 16, 17 and 21 request the Court dismiss this action for failure to state a claim.  Beyond that request, Doe Defendants 1, 17 and 21 seek severance from the case, claiming they were mis-joined.  Alternatively, Doe Defendants 1, 16, 17 and 21 each request the Court either quash the subpoenas issued to their respective ISPs or enter a protective order to prevent compliance with the subpoenas.  Plaintiff has opposed all requests (*see* Docs. #14, #16, #18 and #19).  The Court addresses each argument, in turn.

### A.    Quash Subpoenas

Upon review of the subpoenas served on the third-party internet service providers for the Doe Defendants, the Court notes that the subpoena issued in the case of John Doe 1 to Comcast Corporation was issued by the United States District Court for the District of New Jersey (*see* Doc. #6-1).  The subpoena pertaining to John Does 16, 17 and 21 was issued to Verizon Internet Services by the United States District Court for the Northern District of Texas (*see* Doc. #8-1, Doc. #27-1, Doc. #28-1).

---

[3]Recently, Magistrate Judges Sheri Polster Chappell and Douglas N. Frazier issued Report and Recommendations on nearly identical motions, which were adopted by the Honorable John E. Steele.  *See Malibu Media LLC v. John Does 1-13*, Civ. Action No. 2:12-cv-177-FtM-29SPC (Docs. #47, #48, #57) and *Malibu Media LLC v. John Does 1-25*, Civ. Action No. 2:12-cv-266-FtM-29DNF (Docs. #30, #38). The undersigned agrees with the Courts' findings and determinations, finding them highly persuasive.  Likewise, Magistrate Judges Anthony E. Porcelli, Monte C. Richardson and Joel B. Toomey reached similar conclusions.  *See Malibu Media LLC v. John Does 1-9*, Civ. Action No. 8:12-cv-669-T-23AEP (Doc. #25); *Malibu Media LLC v. John Does 1-19*, Civ. Action No. 3:12-cv-335-J-99TJC-MCR (Doc. #32); *Patrick Collins Inc. v. John Doe 7*, Civ. Action No. 3:12-334-J-32JBT (Doc. #31); *see also Malibu Media LLC v. John Does 1-22*, Civ. Action No. 8:12-cv-1074-T-23MAP (Doc. #29, unpublished order denying similar motions).

Pursuant to Federal Rule of Civil Procedure 45:

On timely motion, the **issuing court** must quash or modify the subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person – except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(c)(3)(A) (emphasis added).

As is obvious, the Middle District of Florida was not the issuing court for these subpoenas. Thus, under the explicit language of Rule 45, this Court lacks authority to quash the subpoenas. *See* Fed. R. Civ. P. 45(c)(3)(A); *see also, AF Holdings, LLC v. Does 1-162*, No. 11-23036-Civ, 2012 WL 488217, at *3 (S.D. Fla. Feb. 14, 2012) and *Chick–Fil–A v. Exxonmobil Corp.*, No. 08-61422-CIV, 2009 WL 2242392, at *1 (S.D. Fla. July 24, 2009) ("[This] Court has no jurisdiction over any subpoena not issued by this Court . . . ") (citing *Rivertree Landing, LLC. v. Murphy,* No. 6:07-mc-104-GAP-DAB, 2007 WL 3333357, at *1 (M.D. Fla. Nov. 9, 2007)).[4]

Because the subpoenas to the third-party internet service providers were issued by district courts outside of the Middle District of Florida, the motions to quash the subpoenas

---

[4] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P. See also 11th Cir. R. 36-2.

should be denied without prejudice, with leave that each may be re-filed in the appropriate court.

### B. Court Protective Orders

Defendants alternatively argue that protective orders should be entered in this case. A person from whom discovery is sought may move under Fed. R. Civ. P. 26(c) for a protective order limiting disclosure or for providing confidentiality. Rule 26(c) allows the Court to issue a protective order to limit discovery and make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *See Moore v. Potter*, 141 Fed. Appx. 803, 807 (11th Cir. 2005) (citing Fed. R. Civ. P. 26(c); *In Re Alexander Grant & Co. Litigation,* 820 F.2d 352, 356 (11th Cir. 1987) (the court has broad discretion when fashioning protective orders to protect the parties, facilitate discovery and preserve material arguably worthy of protection). A protective order should be entered only when the movant makes a particularized showing of "good cause" and specific demonstration of fact by affidavit or testimony of a witness with personal knowledge of the specific harm that would result from disclosure or loss of confidentiality; generalities, conclusory statements and unsupported contentions do not suffice. *Gulf Oil Company v. Bernard*, 452 U.S. 89, 102 n.16 (1981); *Cipollone v. Leggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986).

Courts have broad discretion at the discovery stage to determine whether or not a protective order is appropriate and what degree of protection is required. *Seattle Times v. Rhinehart*, 467 U.S. 20, 36-37 (1984); *In Re Alexander Grant & Co. Litigation,* 820 F.2d at 356-57. Whether good cause exists for a protective order is a factual matter to be decided

by the nature and character of the information in question. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1315 (11th Cir. 2001). Here, the Court found good cause for allowing the subpoenas to issue in this matter. Defendants have not, however, demonstrated good cause that protective orders are warranted. No prejudice, annoyance, embarrassment, oppression, or undue burden or expense is seen in this action when the Defendants, to date, remain anonymous. The Doe Defendants' arguments to the contrary are simply without merit at this stage of the litigation.

### C. Sever and Dismiss

The Doe Defendants raise the issues of severance or misjoinder and various bases to dismiss the Complaint. Because Defendants have not been served with process, these arguments are premature. After the Doe Defendants have been served, they may raise these issues. *See, AF Holdings, LLC* at *4. As another district court aptly noted:

> Plaintiff has yet to formally identify any of the John Doe Defendants named in the Complaint or serve them with process. Although the movants generally assume that they will be named as defendants once their contact information is turned over to Plaintiff by their ISP, the Court cannot automatically draw that conclusion. If, as many movants have asserted, their internet accounts were used by third parties to unlawfully infringe Plaintiff's copyrighted film, then it is those third parties, rather than the movants themselves, who should properly be named as defendants. Until Plaintiff formally names and serves each defendant, the Court cannot be certain whether any of the movants will be compelled to defend this action as parties.

*West Coast Productions, Inc. v. Does 1-5829*, 275 F.R.D. 9, 14 (D.D.C. 2011); *see also Patrick Collins, Inc. v. Does 1-33*, No. 11-cv-02163-CMA-MJW, 2012 WL 415424, at *8 (D. Colo. Feb. 8, 2012) (at the early stages of litigation, joinder of putative John Doe defendants facilitates jurisdictional discovery and expedites the process of obtaining the

identifying information that is a prerequisite to reaching the merits of the case). Accordingly, if Plaintiff names any of the Doe Defendants as Defendants in this action, the issues may be raised at that time.  Therefore, the Court recommends that the motions to sever, for misjoinder and to dismiss be denied as premature.

Accordingly, after due consideration, it is respectfully

**RECOMMENDED:**

1.	Defendant John Doe 1's Motion to Dismiss/Sever and for a Protective Order and/or to Quash Subpoena (Doc. #6) be **DENIED without prejudice**.

2.	Defendant John Doe 21's Motion to Dismiss/Sever and for a Protective Order and/or to Quash Subpoena (Doc. #8)  be **DENIED without prejudice**.

3.	Defendant John Doe 16's Motion for Protective Order With Motion to Quash and Motion to Dismiss with Incorporated Memorandum of Law (Doc. #9) be **DENIED without prejudice**.

4.	Defendant John Doe 17['s] Motion to Sever, Dismiss, or Issue Protective Order and Supporting Memorandum of Law (Doc. #10) be **DENIED without prejudice.**

**DONE AND ORDERED** at Jacksonville, Florida this 28th  day of September, 2012.

Copies to:

The Hon. Marcia Morales Howard
United States District Judge

Counsel of Record

*Pro Se* parties, if any known

THOMAS E. MORRIS
United States Magistrate Judge