**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MALIBU MEDIA, LLC.,

    Plaintiff,

vs.                                                                                         CASE NO.  3:12-cv-575-J-34TEM

JOHN DOES 1, 2, 4-7, 11,
16, 17, & 21,

    Defendants.
_____

**REPORT AND RECOMMENDATION**[1]

This matter is before the Court on referral by the Honorable Marcia Morales Howard for a report and recommendation on Defendant John Doe 16's Notice of Filing Motion to Transfer With Incorporated Motion to Transfer and Motion to Declare Plaintiff a Vexatious Litigant With Incorporated Memorandum of Law (Doc. #17, "Motion to Transfer and Declare Plaintiff a Vexatious Litigant").  For the reasons stated herein, it is respectfully **RECOMMENDED** that the Motion to Transfer and Declare Plaintiff a Vexatious Litigant be **DENIED**.

**I. Background**

On May 15, 2012, Malibu Media, LLC, a California corporation with its principle place of business in Malibu, California, filed the instant copyright infringement action alleging that

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); and, Local Rule 6.02(a), United States District Court for the Middle District of Florida.

each of the twenty-two John Doe Defendants (collectively, "the Doe Defendants") is liable for direct copyright infringement in violation of 17 U.S.C. §§ 106 and 501 and contributory copyright infringement (*see* Doc. #1, "Complaint").  Plaintiff alleges that the Doe Defendants unlawfully copied and distributed a copyrighted motion picture entitled "Like the First Time" over the Internet.[2]

Subsequently, Plaintiff filed a Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference (Doc. #4) in order to take early discovery.  As grounds for taking early discovery, Plaintiff alleged that each of Defendants' acts of copyright infringement occurred using an Internet Protocol ("IP") address traced to a physical address located within the Middle District of Florida.  Plaintiff requested that the Court allow it to serve Rule 45 subpoenas on certain Internet Service Providers ("ISPs") to obtain identifying information for the Doe Defendants, such as their addresses, so that Plaintiff may complete service of process on them.

On June 8, 2012, this Court granted Plaintiff's request to take early discovery and allowed Plaintiff to serve each of the ISPs identified in the Complaint with a Rule 45 subpoena commanding each ISP to provide Plaintiff with the true name, address, telephone number, e-mail address, and Media Access Control address of the defendant to whom the ISP assigned an IP address (*see* Doc. #5, "Court Order").  These subpoenas were served, which apparently led to the ISPs advising their "customers" - *i.e.*, the Doe Defendants - that subpoenas pertaining to their accounts had been received.

---

[2]As of this writing, John Doe Defendants 1, 2, 4-7, 16, 17 & 21 remain in this action. The other Defendants have been voluntarily dismissed (*see* Docs. #13, #15, #23, #24, #34).

Subsequently, Defendant John Doe 1 filed a Motion to Dismiss/Sever and for a Protective Order and/or to Quash Subpoena[3] (Doc. #6), Defendant John Doe 21 filed a Motion to Dismiss/Sever and for a Protective Order and/or to Quash Subpoena[4] (Doc. #8), Defendant John Doe 16 filed a Motion for a Protective Order, with Motion to Quash and Motion to Dismiss, with Incorporated Memorandum of Law[5] (Doc. #9), and Defendant John Doe 17 filed a Motion to Sever, Dismiss, or Issue Protective Order, and Supporting Memorandum of Law[6] (Doc. #10).

On August 13, 2012, Defendant John Doe 16[7] filed the instant Motion to Transfer and Declare Plaintiff a Vexatious Litigant. On August 28, 2012, Plaintiff filed its Objection to Defendant John Doe's Motion to Transfer and Declare Plaintiff a Vexatious Litigant (Doc. #21, "Objection"). On September 28, 2012, the undersigned issued the Report and Recommendation[8] that recommended the Court deny all Motions to Dismiss, Sever, Quash Subpoenas and for Protective Orders filed by the Defendant Does (Doc. #29, "R&R"). Therefore, some of the issues raised in Defendant's Motion to Transfer and Declare Plaintiff a Vexatious Litigant were addressed in the R&R issued on September 28, 2012.

---

[3] Defendant John Doe 1's Motion was filed on July 23, 2012.

[4] Defendant John Doe 21's Motion was filed on July 27, 2012.

[5] Defendant John Doe 16's Motion was filed on July 30, 2012.

[6] Defendant John Doe 17's Motion was filed on July 30, 2012.

[7] Hereinafter the Court shall refer to Defendant John Doe 16 as either "Defendant" or "John Doe 16."

[8] On October 21, 2012, Defendants John Doe 1 and John Doe 21 filed an Objection to the Report and Recommendation (Doc. # 31). On October 26, 2012 Plaintiff filed a Memorandum in Opposition to the Objection to Report and Recommendation (Doc. #33).

Particularly, John Doe 16 argues that Plaintiff is unlikely to prevail due to improper joinder in this case. Motion to Transfer and Declare Plaintiff a Vexatious Litigant at 8. As far as John Doe 16 argues improper joinder in this case, the undersigned has addressed this issue and refers to the R&R issued on September 28, 2012.[9] Defendant John Doe 16 contends that this case and all "related" cases should be transferred to the Fort Myers division because Plaintiff's first "related" case was filed in the Fort Myers division.[10] *Id.* at 1-3. Defendant John Doe 16 argues that the Court should declare Plaintiff a vexatious litigant because "[Plaintiff] has filed at least thirty-seven actions in the state of Florida and is not reasonably likely to prevail herein." *Id.* at 6.

**II. Analysis**

    **A. Transfer of Venue**

Defendant John Doe 16 contends that this case should be transferred to the Fort Myers, Florida division because Plaintiff has filed related cases in four (4) different divisions of the Middle District of Florida, the first of which was Fort Myers, Florida.[11] The Court

---

[9] In the Report and Recommendation, the undersigned found the arguments on misjoinder premature as the Doe Defendants have not been identified or served. R&R at 5-6.

[10] Although the Court declines to discuss the issue of misjoinder because it was addressed in the earlier Report and Recommendation, the Court notes that Defendant John Doe 16 interestingly argues that all of Plaintiff's cases are related for the purpose of transferring them to the same venue, but that the Does have no relation to one another for the purpose of arguing misjoinder. *See generally,* Motion to Transfer and Declare Plaintiff a Vexatious Litigant.

[11] John Doe 16 cites four (4) cases Plaintiff has filed in the Fort Myers division, five (5) cases Plaintiff has filed in the Jacksonville division, one (1) case Plaintiff has filed in the Ocala division, and fourteen (14) cases Plaintiff has filed in the Tampa division. Motion to Transfer and Declare Plaintiff a Vexatious Litigant at 4-5.

disagrees. Defendant relies on Local Rule 1.04(b)[12] and (d)[13] for the proposition that Plaintiff has a duty to notify the Court of related cases, and it serves judicial economy to have the entirety of Plaintiff's cases heard by a single judge. Motion to Transfer and Declare Plaintiff a Vexatious Litigant at 2-3. However, "the 'best' forum is not the test for venue and the court is required to weigh the plaintiff's choice of venue heavily." *Amchem Products, Inc. v. GAF Corp.* 64 F.R.D. 550, 552 (N.D. Ga.1974) (citing *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966)). Further, Title 28, United States Code, section 1406(b) provides, in pertinent part: "Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, *in the discretion of the court*, from the division in which pending to any other division in the same district." 28 U.S.C. § 1404(b) (emphasis added).

Here, John Doe 16 does not articulate any reason to transfer twenty (20) of Plaintiff's cases pending in other divisions to the Fort Myers division, aside from his apparent belief

---

[12] Rule 1.04(b) states: "If cases assigned to different judges are related because of either a common question of fact or any other prospective duplication in the prosecution or resolution of the cases, a party may move to transfer any related case to the judge assigned to the first-filed among the related cases. The moving party shall file a notice of filing the motion to transfer, including a copy of the motion to transfer, in each related case. The proposed transferor judge shall dispose of the motion to transfer but shall grant the motion only with the consent of the transferee judge. If the transferee judge determines that the same magistrate judge should preside in some or all respects in some or all of the related cases, the Clerk shall assign the magistrate judge assigned to the first-filed among the affected cases to preside in that respect to those cases." Local Rule 1.04(b).

[13] Local Rule 1.04 states: "All counsel of record in any case have a continuing duty promptly to inform the Court and counsel of the existence of any other case within the purview of this rule, as well as the existence of any similar or related case or proceeding pending before any other court or administrative agency. Counsel shall notify the Court by filing and serving a Notice of Pendency of Related Actions that identifies and describes any related case." Local Rule 1.04(d).

that the cases are related and transfer would serve the interest of judicial economy. The determination of which actions promote judicial economy is within the Court's discretion; it is not a decision to be made by this unidentified Defendant. In sum, upon review and consideration of this request and posture of the other Malibu Media cases, the Court finds no reason supports Defendant's bald assertion that transferring Plaintiff's cases would be in the interest of judicial economy.

### B. Vexatious Litigant

Defendant John Doe 16 argues that Plaintiff should be declared a vexatious litigant merely because of the number of cases Plaintiff has filed. Motion to Transfer and Declare Plaintiff Vexatious Litigant at 5. In support, Defendant cites to Florida Statute § 68.093, which defines a vexatious litigant as a person who, "in the immediately preceding 5-year period, has commenced, prosecuted, or maintained, *pro se*, five or more civil actions in any court in this state . . ." Motion to Transfer and Declare Plaintiff a Vexatious Litigant at 6; Fla. Stat. § 68.093. However, the Court finds the Florida definition is inapposite to the facts of this case.[14]

Federal statutes do not provide a particular definition of a vexatious litigant; however, it appears from the Eleventh Circuit holdings that a plaintiff must be litigating *pro se* to be declared a vexatious litigant. *See In re Farris,* 330 Fed. Appx. 833, 835 (11th Cir. 2009)[15]

---

[14] Even if the Court utilized the Florida definition of a vexatious litigant, it does not support Defendant's argument because, as Plaintiff correctly points out, the definition of a vexatious litigant includes only those who are maintaining actions *pro se.* Such is not the case here, as Plaintiff is represented by counsel.

[15] Unpublished cases may be cited for persuasive authority in accordance with the Eleventh Circuit Rules. 11th Cir. R. 36-2.

(finding *pro se* plaintiff to be a vexatious litigant when he attempted to re-litigate issues for over ten years that were previously adjudicated).  Further, a vexatious litigant's actions are harassing in nature and display an improper purpose.  *See Laosebikan v. Coca-Cola Company,* 415 Fed. Appx. 211, 215 (11th Cir. 2011) (finding plaintiff to be a vexatious litigant when he repeatedly asserted baseless allegations in order to harass the defendant and cause the defendant irreparable harm by having to defend itself).

John Doe 16 suggests that the number of actions filed by Plaintiff in Florida and the country (37 and over 200, respectively) demonstrate that Plaintiff has a propensity towards litigious behavior that is intended to harass the Defendants and burden the courts.  Motion to Transfer and Declare Plaintiff a Vexatious Litigant at 6.  Federal courts have the power to manage their dockets and curb vexatious litigation.  *See Martin-Trigona v. Shaw,* 986 F. 2d 1384, 1384 (11th Cir. 1993) (per curiam).  However, the Court finds there is currently no evidence in this case of any improper purpose.  The number of actions Plaintiff has filed may reflect Plaintiff's legitimate efforts to protect its copyrights.  Plaintiff's attorney has provided explanations regarding the voluntary dismissals of previous defendants.  *See* Plaintiff's Objection to Motion to Transfer and Declare Plaintiff a Vexatious Litigant; *see also Collins v. John Doe 7*, Civ. Action No. 3:12-cv-334-J-32JBT (M.D. Fla. Sept 20, 2012) (Doc. #31, unpublished Report and Recommendation).

At this point, the Court has no evidence of any improper purpose in regard to the number of lawsuits filed or defendants sued, the pursuit of subpoenas, or any other actions taken by Plaintiff.  Therefore, the undersigned recommends denial of the request that Plaintiff be declared a vexatious litigant.

For the above stated reasons, it is respectfully **RECOMMENDED** that the Motion to

Transfer and Declare Plaintiff a Vexatious Litigant (Doc. #17) be **DENIED** in its entirety as stated herein.

    **DONE AND ORDERED** at Jacksonville, Florida this 26th day of November, 2012.

*[signature: Thomas E. Morris]*
THOMAS E. MORRIS
United States Magistrate Judge

Copies to:

The Hon. Marcia Morales Howard
United States District Judge

Counsel of Record

*Pro Se* parties, if any known