**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MALIBU MEDIA, LLC,

       Plaintiff,

vs.                                                     Case No. 3:12-cv-575-J-34TEM

JOHN DOES 1, 2, 4-7, 11,
16, 17, & 21,

       Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. No. 29; First Report), entered by the Honorable Thomas E. Morris, United States Magistrate Judge, on September 28, 2012, and the Report and Recommendation (Doc. No. 35; Second Report), entered by the magistrate judge on November 26, 2012. In the First Report, the magistrate judge recommended that the Court deny the following motions without prejudice: [John Doe 1's] Motion to Dismiss/Sever and for a Protective Order and/or to Quash Subpoena (Doc. No. 6; Doe 1's Motion); [John Doe 21's] Motion to Dismiss/Sever and for a Protective Order and/or to Quash Subpoena (Doc. No. 8; Doe 21's Motion); Doe 16's Motion for Protective Order, with Motion to Quash and Motion to Dismiss with Incorporated Memorandum of Law (Doc. No. 9; Doe 16's Motion); and John Doe 17 Motion to Sever, Dismiss, or Issue Protective Order, and Supporting Memorandum of Law (Doc. No. 10; Doe 17's Motion). Defendants, John Does 1 and 21, filed their objection to the First Report on October 12, 2012, see Objection to Report and Recommendation [D.E. 29] (Doc. No. 31;

Objection), and Plaintiff responded to the Objection on October 26, 2012. See Plaintiff's Memorandum in Opposition to Defendant's Objection to Report and Recommendation [DE 31] (Doc. No. 33; Response).

In the Second Report, the magistrate judge recommended that the Court deny Doe 16's Notice of Filing Motion to Transfer with Incorporated Motion to Transfer and Motion to Declare Plaintiff a Vexatious Litigant with Incorporated Memorandum of Law (Doc. No. 17). See Second Report at 7-8. Neither party filed any objection to the Second Report, and the time for doing so has passed.

**I.     The First Report**

**A.     Joinder or Severance**[1]

With respect to the issue of joinder or severance, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007).

This lawsuit is one of many proliferating the Middle District of Florida and one of hundreds if not thousands of lawsuits involving the use of BitTorrent technology which have

---

[1] In their Motions, the moving John Doe Defendants primarily seek either severance or dismissal of the claims against them based on improper joinder. Accordingly, the Court will address this issue first, rather than following the order the issues were addressed in the First Report.

been filed throughout the nation. See, e.g., In re BitTorrent Adult Film Copyright Infringement Cases, Nos. 11-3995(DRH)(GRB), 12-1147(JS)(GRB), 12-1150(LDW)(GRB), 12-1154(ADS)(GRB), 2012 WL 1570765, at *1 (E.D.N.Y. May 1, 2012) ("These actions are part of a nationwide blizzard of civil actions brought by purveyors of pornographic films alleging copyright infringement by individuals utilizing a computer protocol known as BitTorrent.").[2]  A common practice in BitTorrent litigation is the joinder of many unidentified defendants (John Doe(s)), which raises a recurring question of whether joinder is proper. Such joinder is alleged to be proper based on the various defendants' use of the BitTorrent technology and the manner in which it operates.  The technological aspects of the operations of the BitTorrent protocol alleged to have been used to infringe on Plaintiff's copyright are not in dispute and have been amply described in other decisions; thus, the Court will not repeat that discussion here. See, e.g., Malibu Media, LLC v. John Does 1-28, No. 8:12-cv-1667-T-27MAP, Order (Doc. No. 22), at 2-4 (M.D. Fla. Dec. 6, 2012); Patrick Collins, Inc. v. John Does 1-21, 282 F.R.D. 161, 162-65 (E.D. Mich. 2012); Malibu Media LLC v. John Does 1-5, 285 F.R.D. 273, 275 (S.D.N.Y. 2012).[3]  Instead, the Court will turn directly to the question of whether joinder is proper in this action.

Pursuant to Rule 20(a)(2) of the Federal Rules of Civil Procedure (Rule(s)), defendants may be joined in one action if "any right to relief is asserted against them jointly,

---

[2] Although many of these suits involve pornographic films, the Court notes that a growing number of cases are being filed that do not allege infringement of an adult film. See Bait Prods. Pty Ltd. v. Does 1-73, No. 6:12-cv-1637-Orl-31DAB, 2012 WL 6755274, at *1 & n.1 (M.D. Fla. Dec. 14, 2012) ("This case is just one of twenty-five identical cases filed by Bait Productions in this district against a total of 1,536 Defendants involving copyright infringement by the BitTorrent protocol.").

[3] In the Complaint, Plaintiff makes similar allegations concerning the operation and use of BitTorrent as in these cases. See Complaint (Doc. No. 1) at 3-6.

severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and there are common questions of law or fact. The purpose of this rule is "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." Aleman v. Chugach Support Servs., Inc., 485 F.3d 206, 218 n. 5 (4th Cir. 2007) (quotation omitted). However, even if the technical requirements for joinder are met, the Court "has discretion to deny joinder if it determines that the addition of a party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense or delay." Id.; see also Bait Prods. Pty Ltd. v. Does 1-96, No. 6:12-cv-1780-Orl-37DAB, 2013 WL 440568, at *2 (M.D. Fla. Feb. 5, 2013) ("Even if the requirements of Rule 20(a) are satisfied, a court could sever claims.").

In determining whether the requirements for joinder are met when defendants are alleged to have used BitTorrent technology, courts across the nation "are in conflict over whether downloading and sharing a file using BitTorrent protocol constitutes the same transaction, occurrence, or series of transactions or occurrences." Bubble Gum Prods., LLC v. Does 1-80, No. 12-20367-CIV, 2012 WL 2953309, at * 3 (S.D. Fla. July 19, 2012); see also Patrick Collins, Inc. v. Doe 1, No. 12-cv-1154(ADS)(GRB), 2012 WL 5879120, at *7 (E.D.N.Y. Nov. 20, 2012) (collecting cases). While a majority of courts addressing this issue have found joinder based on the use of BitTorrent alone impermissible,[4] a significant number

---

[4] See Patrick Collins, Inc. v. Does 1-23, No. JFM 8:12-cv-00087, 2012 WL 1144918, at *5 (D. Md. Apr. 4, 2012) (collecting cases); see also Bubble Gum Productions, LLC v. Does 1-80, 2012 WL 2953309 at *3-5; Raw Films, Inc. v. Does 1-32, No. 1:11-cv-2939-TWT, 2011 WL 6840590, at *2 (N.D. Ga. Dec. 29, 2011); DigiProtect USA Corp. v. Does 1-240, No. 10 Civ. 8760(PAC), 2011 WL 4444666, at *3 n.3 (S.D.N.Y. Sept. 26, 2011) (dismissing complaint because of insufficient allegations of personal jurisdiction but noting that allegations were also insufficient to satisfy joinder requirements); Hard Drive Prods., Inc. v. Does 1-188, 809 F. Supp. 2d 1150, 1163 (N.D. Cal. 2011).

of other courts have determined, based on perhaps equally persuasive reasoning, that joinder is permissible.[5] Nevertheless, of those courts that have found joinder permissible, many have exercised their discretion to sever all of the joined defendants but one. See, e.g., Malibu Media, LLC v. John Does 1-67, No. 2:12-cv-267-UA-SPC, 2012 WL 6720989, at *1 (M.D. Fla. Dec. 27, 2012) (adopting reasoning of Malibu Media, LLC v. John Does 1-28, No. 8:12-cv-1667-JDW-MAP, Order (Doc. No. 22)); Third Degree Films v. Does 1-47, 286 F.R. D. 188 (D. Mass. 2012). Because this Court may exercise its discretionary authority to sever Defendants even if it finds that joinder is permissible, and chooses to do so here for the reasons discussed below, resolution of the conflict regarding whether joinder is technically permissible here is unnecessary. See Hard Drive Productions, 809 F. Supp. 2d at 1164 (finding, after holding joinder improper, that even if the joinder of the defendants met the Rule 20(a) requirements, severance is appropriate "to avoid causing prejudice and unfairness to Defendants, and in the interests of justice"); see also Next Phase Distribution, Inc. v. John Does 1-27, 284 F.R.D. 165, 168 (S.D.N.Y. 2012) ("Even if the requirements of permissive joinder are met, courts maintain the discretion to sever defendants under Rules 20(b), 21, and 42(b).").

Plaintiff argues, and the magistrate judge agreed, that determining whether to sever the Defendants in this action is premature prior to service. In response, Defendants contend that addressing severance is not premature as demonstrated by the numerous courts that

---

[5] See, e.g., Nu Image, Inc. v. Does 1-3932, No. 2:11-cv-545-FtM-29SPC, 2012 WL 1890854, at *7 (M.D. Fla. May 10, 2012); Liberty Media Holdings, LLC v. Does 1-62, No. 11-cv-575-MMA(NLS), 2012 WL 628309, at *7 (S.D. Cal. Feb. 24, 2012); Digital Sin, Inc. v. John Does 1-176, 279 F.R.D. 239, 244 (S.D.N.Y. 2012); K-Beech, Inc. v. Does 1-57, No. 2:11-cv-358-FtM-36SPC, 2011 WL 5597303, at *6 (M.D. Fla. Nov. 1, 2011); Liberty Media Holdings, LLC v. Swarm Sharing Hash File, 821 F. Supp. 2d 444, 451-52 (D. Mass. 2011).

have decided the issue of joinder at this stage of the proceeding, before the defendants had even been served. See Objection at 1-4. Additionally, in his Motion, John Doe 17 argues that prolonging the decision to sever will only increase the costs and complexity of the case. See Doe 17's Motion at 10. Upon consideration of the record in this action, the peculiar circumstances of the BitTorrent litigation, and the persuasive reasoning of other district courts, the undersigned is of the view that the question of whether joinder of these Defendants is appropriate should be addressed before the Court proceeds further in this action. Indeed, because the determination of whether joinder is appropriate is made based on Plaintiff's allegations, taking them as true, see Deskovic v. City of Peekskill, 673 F. Supp. 2d 154, 159 (S.D.N.Y. 2009), the Court has the necessary information to resolve the joinder issue at this time. If joinder is not appropriate, the Court sees no justification in prolonging the decision until after service, a course of action which would undoubtedly increase costs for the parties, particularly those of any Defendant who wishes to appear in the action in an attempt to defend his or her own interests. See, e.g., Pacific Century Int'l Ltd. v. Does 1-101, No. C-11-02533 (DMR), 2011 WL 5117424, at *3 (N.D. Cal. Oct. 27, 2011) (giving examples of the burdens imposed on a joined defendant such as attending the depositions of other defendants and serving every other defendant with copies of his or her pleadings and submissions); see also Third Degree Films, 2012 WL 4498911, at * 6 ("Even in the infancy of this action, it is clear that the Doe defendants will raise disparate defenses.").

In rejecting the contention that consideration of severance is premature where, as here, the defendants have yet to be served, the court in Aerosoft GmbH v. John Does 1-50, No. 12-21489-CIV, 2012 WL 5272270, at *4 (S.D. Fla. Oct. 23, 2012) explained:

> First, the Complaint names and makes allegations against Does 1-50. Further, in Exhibit A, Plaintiff identifies each of the Does by IP address. Thus, Plaintiff has identified each Doe. There is no indication that the Plaintiff did not intend to proceed against all fifty Does once Plaintiff obtained more specific identifying information. Consequently, contrary to Plaintiff's assertion, the Does have been named in this action and are currently Defendants in this action. Therefore, the motions are not premature.

In consideration of the foregoing, the Court declines to defer ruling on the motions for severance and instead resolves the question of joinder at this time.

In this action, Plaintiff has joined the various John Doe Defendants pursuant to Rule 20(a), see Complaint at 2-3, which allows for permissive joinder at the discretion of the Court. See SBO Pictures, Inc. v. Does 1-20, No. 12 Civ. 3925 (SAS), 2012 WL 2304253, at *2 (S.D.N.Y. June 18, 2012). Under this rule, "[j]oinder is permissive—a pragmatic tool meant to help courts and parties conduct litigation in such a way that is efficient, practical, and fair." Id. (emphasis in original). If the Court finds that joinder would not accomplish the purpose it was designed for, namely to promote trial convenience and enhance the efficiency of litigation, severance is appropriate. Id.; see also Malibu Media, LLC v. John Does 1-28, No. 8:12-cv-1667-T-27MAP, Order (Doc. No. 22), at 10 ("Where, however, judicial economy is not served by joining claims, as in this case, severance is appropriate and the fair thing to do.").

Canvassing the decisions of judges finding severance appropriate on discretionary grounds, one district judge recently observed:

> Those judges in this and other districts who have exercised their discretion to sever John Doe defendants in similar BitTorrent cases have generally done so for practical reasons, including, but not limited to the following: (i) the likelihood that each John Doe defendant will assert different defenses, thereby adding factual and legal questions that are not common among all defendants, (ii) many John Doe defendants are proceeding pro se, and will therefore incur

7

> significant expense serving papers and attending depositions of all other parties to the lawsuit, (iii) the likelihood that many of the John Doe defendants are not the actual individuals who illegally downloaded the motion pictures in question, (iv) the likelihood that joinder will facilitate coercive settlements among the John Doe defendants; and (v) plaintiff's avoidance of paying filing fees by pursuing mass actions.

Malibu Media, LLC v. John Does 1-16, ___ F. Supp. 2d ____, 2012 WL 4717893, at *8 (E.D. Pa. Oct. 3, 2012).  Although this Court does not consider the avoidance of filing fees to be a particularly significant factor justifying severance, the Court is easily persuaded by the additional practical reasons other courts have considered in determining that severance is appropriate here.

Two of those reasons—the likelihood that the defendants will assert different defenses, and the likelihood that a named defendant will not be the actual person who downloaded the infringing matter—are interrelated.  Indeed, defendants in these types of cases assert a variety of individualized defenses, one of which will often be the "it wasn't me" defense.  "[T]he variety of individualized defenses that can be raised creates judicial inefficiency when numerous defendants are joined." Bubble Gum Productions, LLC v. Does 1-80, 2012 WL 2953309 at *4.  This consideration is significant regardless of whether the defendants have actually begun to assert the individualized defenses.  As the court in Bubble Gum explained,

> the possibility of this occurring rises above the level of mere speculation. For example, due to the imprecise manner in which the Plaintiff identifies the alleged infringers, namely by IP addresses, defendants can assert an unquantifiable number of different factual scenarios to establish that they did not download the copyrighted work (the "it wasn't me defense").

Id.  Because Plaintiff may only obtain the identity of the subscriber to the IP address, which may be shared by multiple users, including unauthorized ones, there is a real risk of "false

8

positives," and the joinder and identification of defendants by IP address "would lead to cumbersome motion practice and, ultimately, mini-trials involving different testimony and evidence." Id. (citing Hard Drive Prods. Inc., 809 F. Supp. 2d at 1164); see also Malibu Media, LLC v. John Does 1-28, No. 8:12-cv-1667-T-27MAP, Order (Doc. No. 22), at 11 ("The likelihood of multiple unrelated motions and defenses leads to a conclusion that there are few, if any, litigation or judicial economies to be gained by joining these claims, notwithstanding the allegations that the Doe Defendants participated in the same swarm.").

Indeed, in this very case, Defendant John Doe 16 has alleged in Doe 16's Motion that it does not reside in this jurisdiction and accordingly, venue is improper in the Middle District of Florida. See Doe 16's Motion at 7. Moreover, Doe 16 filed an anonymous declaration that represents that Doe 16 is a corporate entity which provides wireless internet to its residents, customers, and/or guests. See Exhibit 2 to Doe 16's Motion (Doc. No. 9-2). This illustrates the individualized factual assertions that are expected in cases such as this one.

Additionally, as noted by other courts, joinder of these claims raises additional case management considerations. One district judge recently explained:

> Most significantly, joinder generates significant case management concerns jeopardizing the court's ability to control its docket if Malibu proceeds on the merits. With twenty eight defendants, meaningful case management deadlines will not be reasonably achievable without extensive hearings. And when the identify [sic] of each John Doe defendant is eventually discovered by Malibu, the prospect of numerous amended complaints arises, an unnecessary exercise in contemporary litigation which will present an inordinate administrative chore for the Clerk, the court, and the parties. And the process of identifying the unknown defendants has the potential of prejudicing those defendants who are identified early on, who will likely languish in litigation beyond their control while Malibu pursues the identities of the other John Does. From a district wide perspective, the sheer volume of BitTorrent copyright cases and associated Doe defendants has the potential

>of overwhelming the docket.  Simply put, effective management of these cases will be impractical.

Malibu Media, LLC v. John Does 1-28, No. 8:12-cv-1667-T-27MAP, Order (Doc. No. 22), at 14 (footnotes omitted).  Another court similarly noted:

>Joining Defendants to resolve what at least superficially appears to be a relatively straightforward case would in fact transform it into a cumbersome procedural albatross.  These difficulties would place tremendous burden on Defendants as well.  To provide two illustrative examples, each Defendant would have the right to be present at every other Defendant's depositions—a thoroughly unmanageable and expensive ordeal.  Similarly, pro se Defendants, who most likely would not e-file, would be required to serve every other Defendant with a copy of their pleadings and other submissions throughout the pendency of the action at substantial cost.

Pacific Century Int'l Ltd. v. Does 1-101, No. C-11-02533 (DMR), 2011 WL 5117424, at *3 (N.D. Cal. Oct. 27, 2011).  Even those defendants who are represented by counsel, such as the moving John Doe Defendants in this case, would have to pay fees for their attorneys to review the filings made by and against all of the other defendants.  Interscope Records v. Does 1-25, No. 6:04-cv-197-Orl-22DAB, 2004 WL 6065737, at *5 (M.D. Fla. Apr. 1, 2004) ("[I]f joined in one action, defendants would be subjected to an overwhelming onslaught of materials and information unrelated to the specific claims against them—all of which they would be required to pay their attorneys to review.").  In view of these considerations and weighing Plaintiff's interest in pursuing these claims jointly against the Defendants' interest in avoiding annoyance, delay and undue burden in the litigation, the Court is of the view that severance of the claims is appropriate at this stage of the proceedings.

In reaching this conclusion, the Court is cognizant of the fact that, apart from the above considerations, a number of courts have expressed concern that plaintiffs in this type of litigation have no interest in actually pursuing their legal claims, but instead are using the

court system to obtain the identifying information and coerce settlement from putative defendants in lieu of being named in a lawsuit which alleges the illegal downloading of a pornographic film. See Malibu Media, LLC v. John Does 1-28, No. 8:12-cv-1667-T-27MAP, Order (Doc. No. 22), at 13 n.13 (citing cases); see also Next Phase Distribution, Inc., 284 F.R.D. at 170 ("The Court will not facilitate such coercive settlements by casting such an unnecessarily wide net."). All four John Doe Defendants make this argument in their Motions and suggest that Plaintiff and Plaintiff's counsel have engaged in such coercive tactics. See Doe 1's Motion at 1-2, 8 ("Plaintiff has no intention of litigating this matter, but rather seeks to engage in a mass effort to extort settlements from potentially innocent individuals under a threat of statutory damages and the stigmatization of being associated with adult films."); Doe 21's Motion at 1-2, 8 (same); Doe 16's Motion at 7-11 (citing another district court's Order severing another one of Plaintiff's cases finding that it had no intention of litigating the case)[6]; and Doe 17's Motion at 1- 4, 7-8, 10 (explaining Plaintiff's counsel's "modus operandii" for filing lawsuits to obtain settlements rather than proceed to the merits). Because the Court is persuaded that the likelihood of different defenses, the logistics of having mini-trials to accommodate these differences, the possibility of joining innocent defendants, and the increased cost and complexity caused by pursing Plaintiff's claims against Defendants jointly, warrant severance, the Court need not address the coercion argument further at this time. In short, joinder of these Defendants will not promote efficient,

---

[6] Plaintiff's counsel, Mr. Lipscomb, did not represent Plaintiff in that case. See Malibu Media v. John Doe 1-10, 2:12-cv-3623-RGK-SS (C.D. Cal.). John Doe 16 also cited a case in the Southern District of Florida, which did involve Plaintiff's counsel, where Plaintiff voluntarily dismissed all but the first John Doe defendant in response to an order to show cause why the district court should not find misjoinder and sever the additional John Doe defendants. See Malibu Media, LLC v. John Does 1-7, 2:12-cv-14171-KMM, Order (Doc. No. 4) and Notice of Voluntary Dismissal (Doc. No. 5).

practical and fair litigation. As such, the Court finds that joinder does not serve the interests of judicial economy and Doe Defendants 2, 4-7, 11, 17, and 21 are due to be severed from the action and dismissed without prejudice to Plaintiff refiling individual lawsuits against each Defendant.

### B.   The Subpoenas

Inasmuch as the First Report relates to discovery issues, and therefore does not dispose of a claim or defense of any party, it is a nondispositive order. See Smith v. Sch. Bd. of Orange County, 487 F.3d 1361, 1365 (11th Cir. 2007) (per curiam). As such, to prevail in their Objection with respect to quashing subpoenas or issuing a protective order, Defendants must establish that the conclusions to which they object are clearly erroneous or contrary to law. See Rule 72(a); 28 U.S.C. § 636(b)(1)(A); see also Merritt v. Int'l Bhd. of Boilermakers, 649 F.2d 1013, 1016-17 (5th Cir. Unit A June 1981);[7] Nat'l Ass'n for the Advancement of Colored People v. Fla. Dep't of Corrs., 122 F. Supp. 2d 1335, 1337 (M.D. Fla. 2000); Williams v. Wright, No. 3:09-cv-055, 2009 WL 4891825, at *1 (S.D. Ga. Dec.16, 2009) ("A district court reviewing a magistrate judge's decision on a nondispositive issue 'must consider . . . objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'") (quoting Rule 72(a)).[8] "Clear error is a highly deferential standard of review." Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir.

---

[7]  In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[8]  "Although an unpublished opinion is not binding . . ., it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

2005) (citation omitted). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id. (citations and quotations omitted); see also Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997) ("The clear error standard [under Rule 72(a) and 28 U.S.C. § 636(b)(1)(A)] means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made."). A magistrate judge's order "is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" Botta v. Barnhart, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007) (quoting Catskill Dev., L.L.C. v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002); see also Pigott v. Sanibel Dev., LLC, Civil Action No. 07-0083-WS-C, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008) (similar) (citation omitted); Schaaf v. SmithKline Beecham Corp., Civil Action No. 1:04-cv-2346-GET, 2008 WL 489010, at *3 (N.D. Ga. Feb. 20, 2008) (similar) (citation omitted).[9] Moreover, a magistrate judge is afforded broad discretion in issuing nondispositive pretrial

---

[9] The Court notes some authority that the "contrary to law" standard invites plenary review of a magistrate judge's legal conclusions. See e.g., Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3d Cir. 1992); Milwaukee Carpenter's Dist. Council Health Fund v. Philip Morris, Inc., 70 F. Supp. 2d 888, 892 (E.D. Wis. 1999); Computer Econ., Inc. v. Gartner Group, Inc., 50 F. Supp. 2d 980, 983 & n.2 (S.D. Cal. 1999). In this Circuit, however, the "contrary to law" standard has been distinguished as more deferential than de novo review. See Merritt, 649 F.2d at 1016-17 ("[A] magistrate['s nondispositive orders] are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to a de novo determination as are a magistrate's proposed findings and recommendations."). Nonetheless, even to the extent the "contrary to law" standard may invite some level of plenary review, it is evident that because a magistrate is afforded broad discretion as to discovery matters, reversal as to a magistrate's discovery-related order is appropriate only where that discretion is abused. See generally Johnson v. Bd. of Regents of the Univ. of Ga., 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pretrial activities, including discovery and scheduling."); Botta, 475 F. Supp. 2d at 185; Doe v. Hartford Life and Accident Ins. Co., 237 F.R.D. 545, 547-48 (D.N.J. 2006); Doe v. Marsh, 899 F. Supp. 933, 934 (N.D.N.Y. 1995); see also CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3069 (2d ed. 1997) ("Regarding legal issues, the language 'contrary to law' appears to invite plenary review. But many matters such as discovery scheduling or disputes might better be characterized as suitable for an abuse-of-discretion analysis.").

orders related to discovery. See Tracy P. v. Sarasota Cnty., No. 8:05-CV-927-T-26EAJ, 2007 WL 1364381, at *2 (M.D. Fla. May 9, 2007); see also Rule 6.01(c)(18), Local Rules, United States District Court, Middle District of Florida (Local Rule(s))(authorizing magistrate judges to supervise and determine pretrial proceedings and motions in civil cases, including discovery motions).

In the First Report, the magistrate judge noted that the subpoenas Defendants seek to quash were issued by United States District Courts other than the Middle District of Florida. See First Report at 3. Accordingly, the magistrate judge recommended that the motions to quash the subpoenas be denied without prejudice to their refiling in the appropriate courts. See id. at 4-5. In their Objection, Defendant John Does 1 and 21 contend that this Court has the general, broader authority to control discovery in the case before it under Rule 26(c). See Objection at 4. They further argue that the subpoenas only exist pursuant to the Court's Order granting early discovery. See id. Essentially, Defendants request that the Court reconsider its previous Order permitting early discovery.

As the claims against all defendants except John Doe 1 are due to be dismissed, the Court will vacate, in part, its Order (Doc. No. 5) permitting the service of subpoenas on the Internet Service Providers (ISPs) for identifying information as to Does 2, 4-7, 11, 17, and 21, and require Plaintiff to notify the ISPs of such action. See Bubble Gum Prod., 2012 WL 2953309, at *1. Upon the refiling of individual suits against each John Doe Defendant, Plaintiff may seek discovery in those cases if appropriate.

With respect to John Doe 1, the subpoena he seeks to quash was issued in New Jersey. See Exhibit A to Doe 1's Motion (Doc. No. 6-1). This Court does not have

jurisdiction to quash or modify any subpoenas that were issued outside of the Middle District of Florida. See Rule 45(c)(3)(A), Federal Rules of Civil Procedure; Am. Maplan Corp. v. Heilmayr, 203 F.R.D. 499, 502 (D. Kan. 2001) (deciding "Rule 45 specifically confers jurisdiction on the court issuing the subpoena and that court alone").  Thus, the magistrate judge therefore correctly recommended that the motion to quash the subpoena be denied without prejudice to refiling the motion in the appropriate court.

To the extent John Doe 1 seeks to invalidate the subpoena by arguing that the Court should vacate the Order (Doc. No. 5) granting Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference (Doc. No. 4), Doe 1's Motion is due to be denied. Although John Doe 1 identifies a trend away from allowing similar plaintiffs to take early discovery of unrelated defendants, see Objection at 5, he has not shown that the magistrate judge's Order permitting such early discovery was clearly erroneous or contrary to law. Accordingly, Defendant John Doe 1's Motion is due to be denied to the extent that it seeks to quash, or a vacatur of, the subpoenas.[10]

---

[10] The magistrate judge also found that John Doe 1 (and the other moving Defendants) had not shown good cause for the entry of a protective order. See First Report at 5-6. John Doe 1 does not specifically address this finding in his Objection. See generally Objection. As such, the Court need not determine whether the magistrate judge's decision to deny a protective order is clearly erroneous or contrary to law. Nevertheless, the Court notes that the resolution of the issue was made on a limited record, and thus, would appear to be without prejudice to renewal in the event facts warrant a renewal.

.
.
.

**II.     The Second Report**

Upon independent review of the file and for the reasons stated in the magistrate judge's Second Report,[11] the Court will accept and adopt the legal and factual conclusions recommended by the magistrate judge.[12]  Accordingly, it is hereby

**ORDERED:**

1.     Magistrate Judge Morris's Report and Recommendation (Doc. No. 29) is **OVERRULED, in part, and ADOPTED, in part** to the extent it is consistent with the foregoing.

2.     The Motion to Dismiss/Sever and for a Protective Order and/or to Quash Subpoena (Doc. No. 6) is **GRANTED, in part,** and **DENIED without prejudice, in part**:

   a.     The Motion is **GRANTED** to the extent that the claims against John Does 2, 4-7, 11, 16, 17, and 21 are **DISMISSED without prejudice.**

   b.     Otherwise, the Motion is **DENIED without prejudice**.

---

[11]     Because the dismissal of John Doe 16 from this action renders the discussion of a transfer of venue moot, the Court does not consider or adopt the magistrate judge's discussion of that issue.

[12]     In adopting the magistrate judge's recommendation that Plaintiff not be declared a vexatious litigant, the Court does not view In re Farris, 330 F. App'x 833, 835 (11th Cir. 2009) as holding that a litigant must be pro se to be declared a vexatious litigant. Nevertheless, the Court agrees with the magistrate judge's determination that Defendant failed to carry its burden of showing that Plaintiff is acting with an improper purpose in regards to litigation of these cases.  As such, pro se or not, the current record is insufficient to warrant a finding that Plaintiff is a vexatious litigant.

3. The Motion to Dismiss/Sever and for a Protective Order and/or to Quash Subpoena (Doc. No. 8); Doe 16's Motion for Protective Order with Motion to Quash and Motion to Dismiss with Incorporated Memorandum of Law (Doc. No. 9); and John Doe 17 Motion to Sever, Dismiss, or Issue Protective Order, and Supporting Memorandum of Law (Doc. No. 10) are **GRANTED, in part,** and **DENIED, in part**:

a. The Motions are **GRANTED** to the extent that the claims against John Does 2, 4-7, 11, 16, 17, and 21 are **DISMISSED without prejudice.**

b. Otherwise, the Motions are **DENIED as moot**.

4. The Order (Doc. No. 5) granting leave to take early discovery is **VACATED in part**:

a. Plaintiff is no longer permitted to conduct early discovery to obtain the subscribers' identifying information for the IP addresses associated with Does 2, 4-7, 11, 16, 17, and 21.

b. Plaintiff must provide a copy of this Order to the ISPs to whom the subpoenas were issued no later than **February 26, 2013**.

5. Magistrate Judge Morris's Report and Recommendation (Doc. No. 35) as modified herein is **ADOPTED** as the opinion of the Court.

6. Doe 16's Notice of Filing Motion to Transfer with Incorporated Motion to Transfer and Motion to Declare Plaintiff a Vexatious Litigant with Incorporated Memorandum

of Law (Doc. No. 17) is **DENIED as MOOT** with respect to the question of venue and **DENIED** in all other respects.

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of February, 2013.

*[Signature: Marcia Morales Howard]*
**MARCIA MORALES HOWARD**
United States District Judge

lc16

Copies to:

Hon. Thomas E. Morris

Counsel of Record

Unrepresented Parties

Case 3:12-cv-00575-MMH-TEM   Document 36   Filed 02/13/13   Page 18 of 18 PageID 439